JOHN WALLA ET AL., APPELLEES, V. JACOB KAVAN, APPELLANT.

FILED JANUARY 17, 1920.  No. 20467.

1. Judgment: RES JUDICATA. Evidence examined, and held that the decree in the case of *Shavlik v. Walla*, 86 Neb. 768, did not adjudicate the issues in the case, and that the injunction complained of is warranted by the evidence.

2. Appeal: BRIEFS. Rule 12 (Supreme Court Rules, 94 Neb. XI) should be observed by counsel in the preparation of briefs, since it is much to the interest of their clients that the court be aided in ascertaining the real issues. Unless briefs are so prepared, they are subject to be stricken on motion of the adverse party, at the discretion of the court.

APPEAL from the district court for Saunders county: EDWARD E. GOOD, JUDGE. *Affirmed.*

*Charles H. Slama,* for appellant.

*J. H. Barry* and *Wymer Dressler, contra.*

LETTON, J.

The plaintiffs and defendants are respectively owners of farm lands situated in the Platte valley. Near their lands is a natural drainage channel, known as "Kunesh Hollow," which drains about 1,000 acres of land, and prior to 1884, after heavy rains, discharged large quantities of water upon the level bottom lands at its mouth. At that time, in order to prevent the destruction of their crops, a number of the owners of land near the point where the hollow debouched, by agreement, dug a ditch which carried the waters to a low pond or swale which lay to the northwest. In the course of time the eroded matter filled the ditch and this depression.

In 1907 an action was brought by one Shavlik against Philip Walla, one of the defendants in this suit, to enjoin him and others interested from maintaining the ditch, and an injunction was allowed. This decree was appealed to this court, where it was modified, the court saying: "We think this imposes upon defendants too great a burden in two particulars: (1) They should not be compelled 'to fill up' the entire ditch. If they take the proper steps to prevent the water from flowing through it, whether by filling or by any other method which will accomplish that end, they will do all that plaintiff has a right to demand. (2) If they take such steps as will restore the outlet of Kunesh Hollow to 'the same condition, as nearly as may be, as it was before they constructed the said ditch' they will do everything that the law requires." A full statement of the facts may be found in *Shavlik v. Walla*, 86 Neb. 768.

In pursuance of this decree, the defendant Kavan constructed a dam across the hollow or ditch, at a point near the southeast corner of his land in section 21. He also dug a ditch leading in a northeasterly direction, terminating at the ditch upon the side of the right of way of the defendant railway company, so that the waters were collected and made to run through these ditches, passing under the railway track, and spreading out over

the lands of the plaintiffs, injuring and destroying their crops. This action was brought to restrain the maintenance of the dam and ditch, and for damages.

Defendant Kavan alleges that prior to 1884, when the first ditch was dug, none of the waters from Kunesh Hollow flowed upon his land, except at a time of extraordinary floods, when it received only a small fraction of the overflow. He also alleges that, in strict obedience to the decree in the *Shavlik* case, he filled in the ditch at the exact point where the water, prior to 1884, turned northeast, and was therefore justified in his proceedings. He also pleads former adjudication by the *Shavlik* decree, and the general issue. The trial judge, at the request of the parties, made a personal inspection of the premises. The court made full and detailed findings of fact, and rendered judgment requiring defendant Kavan to abate and remove the dam, and to restore Kunesh Hollow to the condition it was in prior to 1884 as nearly as may be possible. From this decree defendant Kavan appeals.

The principal argument of defendant is that the issues herein were formerly adjudicated in the *Shavlik* case, and that the matter is *res judicata*. Plaintiffs do not dispute the legal principle, but contend that it is inapplicable under the facts. In the *Shavlik* case the defendants were required to restore the outlet of Kunesh Hollow as nearly as they could to the natural conditions. The evidence in this case shows that, by the construction of the dam and the new ditch, waters were collected and discharged through the railroad ditch upon plaintiffs' lands in much greater volume and to their greater damage than before, when only small quantities, after heavy storms, reached the lands. The issues in the *Shavlik* case did not involve the issues here. In fact, this case begins after, and is based upon, the decree in the *Shavlik* case.

The findings of the trial court are warranted by the evidence.

AFFIRMED.